IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK SILGUERO,<br>　　*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 2:16-cv-00361 |
| CSL PLASMA INC.,<br>　　*Defendant.* | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mark Silguero, by and through counsel, states and alleges as follows:

### PRELIMINARY STATEMENT

1.　Defendant CSL Plasma Inc. discriminated against Plaintiff Mark Silguero by preventing him from selling or donating blood plasma solely because he has an orthopedic impairment and uses a cane. This disability discrimination was not based on Plaintiff's failure to meet any legitimate requirement for donating blood plasma or any risk factor that would provide a legitimate reason for rejecting him, and it violates both federal and state law. Plaintiff brings this action seeking injunctive relief under Title III of the Americans with Disabilities Act and under state law to prevent future violations of the law. Plaintiff also seeks damages under Texas state law. Plaintiff is also entitled to recover his attorney's fees, litigation expenses, and court costs.

### JURISDICTION AND VENUE

2.　This Court has jurisdiction to hear and decide Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 (federal question) and § 2201 (civil rights). This Court also has supplemental jurisdiction to hear Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

3.     Venue for this action is proper in this Court under 28 U.S.C. § 1391(b)(2) and (c)(2), because the claims arose in this District, and because Defendant conducts business in this District.

## PARTIES

4.     Plaintiff Mark Silguero ("Mr. Silguero") is and was at all relevant times a resident of Nueces County, Texas.

5.     Defendant CSL Plasma Inc. is a Delaware corporation conducting and transacting business in the State of Texas.  At all relevant times Defendant owned and operated for-profit human-plasma collection centers in Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## FACTS

6.     Mr. Silguero is an individual with a physical, orthopedic impairment.  He has had reconstructive surgery to his left knee as a result of a fall, and needs further surgery.  He also has degenerative joint disease and arthritis in his right knee, has had surgery on it, but again needs surgical reconstruction.  At all relevant times and continuing to the present, Mr. Silguero's physiological condition requires that he use a cane to walk.  In its active state and in the absence of mitigating measures (e.g., in the absence of his cane), Mr. Silguero's impairments substantially limit him in various major life activities, including musculoskeletal functions, walking, running, standing, climbing, jumping, squatting, stooping, and lifting.

7.     Based on the above facts, Mr. Silguero is a person with an "actual" and a "regarded as" disability as defined by the ADA Amendments Act of 2008, 42 U.S.C. § 12102(1)(A) and (C).

8. Mr. Silguero is also a person with a disability as defined by Texas Human Resources Code § 121.002(4)(A) and (H), because he has a physical disability, and because he has a health impairment that requires a special ambulatory device.

9. Defendant is one of the world's largest collectors of human plasma, and it operates plasma-donation centers where qualified donors are paid, and given other things of value, for "donating" plasma. Plasma is the fluid portion of human blood, and it is used as source material for further manufacturing use and sale by Defendant. The Defendant owns, operates, and advertises at least 21 plasma-donation centers in Texas, including one at 4977-A Ayers St. in Corpus Christi, Texas (hereinafter "Ayers Street location"). The Defendant is also part of the plasma protein therapeutics industry, and the company manufactures and markets a range of plasma-derived and recombinant therapies worldwide, used to treat a variety of medical disorders.

10. Defendant is a private entity that is open to the public, and that provides services to its customers by giving money, gift cards, and other things of value in exchange for a plasma donation, which it uses and sells to others. Defendant also states that its collection centers benefit the local economies, employing on average more than 60 employees per location. It is thus a "public accommodation" and a covered entity within the meaning of Title III of the ADA. It is also a "public facility" as defined by Texas Human Resources Code.

11. For several years Mr. Silguero has supplemented his limited income by selling plasma.

12. As part of the process of donating and extracting plasma, Defendant administers a detailed donor screening consisting of, among other things, administering various tests and questionnaires, taking a medical history, and performing a physical examination, including

temperature, blood pressure, and weight.  Defendant also performs blood tests and checks for drug use, and it provides medical and health information to the public, and gives health advice.

13. On or about December, 2013 Mr. Silguero attempted to donate source plasma at Defendant's Ayers Street location.

14. Defendant's staff refused to serve Mr. Silguero, and told him it was because of his orthopedic disability and need for a cane.  They also indicated that they would place him on a deferral list preventing him from donating plasma not only at defendant's facilities but also at others.  This was done because of his disability or misperceptions about it, and/or in retaliation for his complaints about Defendant's violation of his rights.  When he protested and asked for the contact information of their superiors, the employees laughed at and belittled him, including in the presence of others.

15. There were no valid medical or other reasons why Mr. Silguero should have been denied service, he was not on medication, and he had donated plasma many times before.  Mr. Silguero was fully qualified to use the Defendant's services, and Defendant's decision to exclude him was based on mere stereotypes, and not upon any objective evidence or individualized assessment.

16. Mr. Silguero wishes to donate plasma at Defendant's Ayers Street (and other) locations now and in the future.  Despite plaintiff's written requests, Defendant has never communicated any change in policy.  Its exclusion of Mr. Silguero is present and ongoing, and Mr. Silguero is fearful that unless enjoined and restrained, Defendant will persist in its exclusion to his harm.

## FIRST CAUSE OF ACTION—ADA TITLE III

17. Plaintiff Mark Silguero repeats and re-alleges the allegations in the above paragraphs, and incorporates them by reference.

18. Mr. Silguero brings this cause of action under Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*

19. Defendant engages in activities that affect commerce, and it purchases product and provides health and other services to its customers. It is a public accommodation as defined by Title III of the ADA.

20. Among other things, Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the … goods, services, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). As described above, Defendant violated this provision when it denied Mr. Silguero its services on the basis of his disability.

21. Defendant also discriminated against Mr. Silguero in violation of Title III by:

a) Denying him the opportunity to participate in, or benefit from, its services, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(l)(A)(i) and 28 C.F.R. § 36.202(a);

b) Denying him the opportunity to participate in or benefit from its services, privileges, advantages, or accommodations in a manner that is equal to other individuals, in violation of 42 U.S.C. § 12182(b)(l)(A)(ii) and 28 C.F.R. § 36.202(b);

    c)      Using standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, in violation of 42 U.S.C. § 121829b)(l)(D)(i) and 28 C.F.R. § 36.204;

    d)      Imposing or applying unnecessary eligibility criteria that screen out or tend to screen out an individual with a disability from fully and equally enjoying any of its services, facilities, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(i) and 28 C.F.R. § 36.301(a).

22.      Defendant's conduct described above also was in retaliation for, or interfered with, Plaintiff's asserting his legal rights, and therefore violated 42 U.S.C. § 12203.

23.      Defendant's conduct described above was intentional and taken in disregard of the rights afforded Mr. Silguero under the ADA.

**SECOND CAUSE OF ACTION—TEXAS HUMAN RESOURCES CODE CHAPTER 121**

24.      Plaintiff Mark Silguero repeats and re-alleges the allegations in the above paragraphs, and incorporates them by reference.

25.      Mr. Silguero brings this cause of action under Chapter 121 of the Texas Human Resources Code.

26.      Defendant is a "public facility" as defined by Texas Human Resources Code § 121.002(5) because it is a retail business, commercial establishment, or office building to which the general public is invited, and because it is a place of public accommodation to which the general public—or a classification of persons from the general public—is regularly, normally, or customarily invited.

27.      Among other things, Chapter 121 states that "[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the

6

state." Texas Human Resources Code § 121.003(a). As described above, Defendant violated this provision when it denied Mr. Silguero the use and enjoyment of its facility on the basis of his disability.

28. Defendant also discriminated against Mr. Silguero as defined by Chapter 121 by:

a) Denying him admittance to its public facility because of his disability, in violation of Texas Human Resources Code § 121.003(c);

b) Denying the use of his assistance device, in violation of Texas Human Resources Code § 121.003(c);

c) Refusing to allow him to use its public facility, in violation of Texas Human Resources Code § 121.003(d);

d) Adopting a ruse or subterfuge calculated to prevent or discourage him from using or being admitted to a public facility, in violation of Texas Human Resources Code § 121.003(d);

e) Failing to make reasonable accommodations to its policies, practices, and procedures, in violation of Texas Human Resources Code § 121.003(d)(2);

f) Prohibiting the use of its public facility by a person with a disability who, except for his disability or use of his cane, would fall within the class of people permitted to use the public facility, in violation of Texas Human Resources Code § 121.003(e).

29. Chapter 121 provides for the recovery of actual and punitive damages. There is no cap on such damages, but there is a conclusive presumption that such damages are no less than three hundred dollars ($300) for each violation of the law. Tex. Hum. Res. Code § 121.004(b).

30. Defendant's conduct described above was intentional and taken in disregard of the rights afforded Mr. Silguero under state law, and Defendant acted with fraud, malice, or gross negligence.

## INJUNCTIVE RELIEF

31. This action seeks injunctive relief pursuant to federal and state law.

32. Mr. Silguero intends to return to Defendant's place of business to donate plasma, and he is entitled to a permanent injunction requiring Defendant to correct each of its violations of law described above, requiring Defendant to cease its discriminatory exclusion of Mr. Silguero from its programs and facilities; to remove him from any exclusion, deferral or disqualification lists; and to allow Mr. Silguero to participate in its programs on a basis equal to other persons.

## PRAYER

Plaintiff Mark Silguero requests that the Court:

A. Exercise jurisdiction over this action;

B. Enter a permanent injunction under federal and state law prohibiting Defendant from continuing to discriminatorily exclude Mr. Silguero from its programs and facilities; requiring Defendant to remove Mr. Silguero from any exclusion, deferral or disqualification lists; and allowing Mr. Silguero to participate in its programs on a basis equal to other persons;

C. Award Mr. Silguero compensatory and punitive damages under state law;

D. Award Mr. Silguero his litigation expenses under federal law;

E. Award Mr. Silguero all costs and attorney's fees expended herein; and

F. Grant Mr. Silguero such other and further relief as may be deemed just, equitable and appropriate by the Court.

Respectfully submitted,

/s/ Brian East

BRIAN EAST
State Bar No. 06360800
Southern District Bar No. 453108
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 407-2718 (direct line)
(512) 454-3999 (fax)
Email: beast@drtx.org

RACHEL COHEN-MILLER
State Bar No. 24064301
Southern District Bar No. 2905488
DISABILITY RIGHTS TEXAS
1420 West Mockingbird Lane, Suite 450
Dallas, Texas 75247-4932
(214) 845-4069 (direct line)
(214) 630-3472 (fax)
Email: rmiller@drtx.org

ATTORNEYS FOR PLAINTIFF