United States District Court
Southern District of Texas

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |

**ENTERED**
August 25, 2016
David J. Bradley, Clerk

| MARK SILGUERO | § | |
| | § | **CIVIL NO.:  2:16-CV-361** |
| *vs.* | § | |
| | § | |
| | § | **HILDA G. TAGLE** |
| CSL PLASMA INC. | § | **SENIOR UNITED STATES DISTRICT JUDGE** |

# ORDER

1.  The Court ***does not*** routinely schedule an initial pretrial conference.  Counsel may, however, request a pretrial conference by motion to the Court expressing the reason such conference is necessary.  Additionally, if it deems a pretrial conference necessary, the Court will notify the parties.

2.  Pursuant to Federal Rule of Civil Procedure 26(f), counsel shall conduct a discovery conference, and submit **in one filing** with the United States District Clerk a **joint discovery/case management plan** that includes a **proposed scheduling order** no later than:
    ## NOVEMBER 22, 2016

    The parties **shall** follow all requirements of Rule 26(f).  Additionally, the parties must consider the ways in which this action may be expedited, wasteful pretrial activities eliminated, and early settlement of the case facilitated.  *See* Fed. R. Civ. P. 16(a).  Moreover, at the Rule 26(f) conference, counsel **shall** in good faith discuss alternative dispute resolution with their clients and each other.

3.  A template joint discovery/case management plan and proposed scheduling order are attached to the Chamber Civil Procedure Rules available on the Court's website: **www.txs.uscourts.gov** under "district court."  The parties may agree on additional deadlines for completion of pretrial matters.  Although additional information may be provided, the Court **REQUIRES** the parties to consult the templates and submit a joint discovery/case management plan and proposed scheduling order that are reasonably adapted to the parties' case and are in substantially the same format as the templates.

4.  Upon receipt of the joint discovery/case management plan, the Court will enter a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

5.  Within 15 days of receiving this order setting the date by which the parties must file a joint discovery/case management plan, Counsel **MUST** file a list of all entities that are financially interested in this litigation, including parent, subsidiary, and affiliated corporations.  When a group disclosure is effective, an individual listing is not necessary.  The name of corporations with publicly traded securities is to be underlined.  Counsel must promptly amend the list when parties are added or additional interested parties are identified.

6.  The plaintiff **MUST** serve the defendant within **90** days of filing the complaint.  Plaintiff must file proof of service with the Court unless service is waived. Fed. R. Civ. P. 4(l)(1).  The plaintiff's failure to file proof of service within that time may result in dismissal by the Court on its own initiative.  *See* Rule 4(m).

7.  Counsel who **file** or **remove** an action **MUST** serve a copy of this order on all other parties.

8.  The attorney designated as "in-charge" must appear at all settings before the Court.  Alternatively, a substitute attorney who is familiar with the case and has authority to make decisions binding the client may appear.  *See* 28 U.S.C. § 473 (b)(2).

9.  All counsel or pro se parties are required to keep the Clerk and all other parties advised of changes of address.

10. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of expenses.

**BY ORDER OF THE COURT**