IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK SILGUERO, § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 2:16-CV-00361 |
| CSL PLASMA INC., § § | |
| Defendant. § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on October 21, 2016 and November 16, 2016 (via telephone conferences), and prepared the following report.

   Brian D. East and Rachel Cohen-Miller, counsel for Plaintiff Mark Silguero
   Bruce J. Douglas, counsel for Defendant CSL Plasma Inc.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   A.  **Plaintiff:** Plaintiff Mark Silguero asserts that Defendant discriminated against him by preventing him from selling or donating blood plasma, and that it did so because of his physiological and orthopedic impairments, because he limps or walks with difficulty, or because he uses a cane. Mr. Silguero contends that Defendant's actions were not based on any legitimate requirement or risk factor for donating blood plasma. Mr. Silguero also asserts that the Defendant retaliated against him by barring him from future donations when he attempted to assert his rights under the law.

    **B.**    **Defendant:** CSL Plasma Inc. is federally licensed and regulated to operate human plasma collection centers. One of its collection centers is located in Corpus Christi, Texas. CSL Plasma accepts donations of human plasma subject to the Federal Food Drug and Cosmetic Act, regulations promulgated by the Federal Food and Drug Administration, guidances issued by the FDA, and the authority to accept or defer donors based on the professional judgment of its medical directors and medical staff. In December 2013, Plaintiff attempted to donate at CSL's Corpus Christi center and was temporarily deferred by the medical staff. In January 2014, Plaintiff was permanently deferred when he threatened staff members at the center.

**4.**    **Specify the allegation of federal jurisdiction.**

Subject matter jurisdiction is premised on 28 U.S.C. § 1331 (federal question—ADA claim), 28 U.S.C. § 1367 (supplemental jurisdiction—Texas state law claim), and 28 U.S.C. § 2201 (civil rights—ADA claim).

**5.**    **Name the parties who disagree and the reasons.**

None with respect to paragraph 4.

**6.**    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Plaintiff anticipates that within 30 days another individual with similar ADA and state-law claims may seek to intervene in this case. The Plaintiff would consent to such intervention. The Defendant opposes any such additional parties.

**7.**    **List anticipated interventions.**

The Plaintiff anticipates that within 30 days another individual with similar ADA and state-law claims may seek to intervene in this case. The Plaintiff would consent to such intervention. The Defendant opposes any such intervention.

**8.**    **Describe class-action issues.**

None.

**9.**    **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have served their Rule 26(a) initial disclosures.

**10.**    **Describe the proposed agreed discovery plan, including:**

A. **Responses to all the matters raised in Rule 26(f).**

   1. Confidentiality Order to be entered into by the parties.
   2. ESI protocol to be negotiated and prepared by the parties.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff served interrogatories on October 25, 2016.

C. **When and to whom the defendant anticipates it may send interrogatories.**

   Defendant has served interrogatories effective October 21, 2016.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   1. Personnel at the relevant CSL center(s) – anticipated completion by 02/15/2017
   2. Rule 30(b)(6) CSL designee(s) deposition – anticipated completion by 02/15/2017

E. **Of whom and by when the defendant anticipates taking oral depositions.**

   1. Plaintiff – by 02/15/2017
   2. Other persons with knowledge as identified in discovery – by 02/15/2017

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   1. Plaintiff's expert report will be due 02/15/2017
   2. Defendant's expert report will be due 03/15/2017

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   At this time the parties anticipate that each side will need no more than two (2) experts. Expert depositions to be completed no later than 07/01/2017

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   Defendant will depose plaintiff's experts. Such discovery to be completed by 07/15/2017.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiff and Defendant have both served interrogatories and requests for production of documents.

13. **State the date the planned discovery can reasonably be completed.**

    Based upon information available to the parties at this time, 07/15/2017.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties' counsel continued their discussions concerning a possible early resolution of the matter, but no agreement was arrived at.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have discussed the matter of early settlement, but they have not arrived at a resolution.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties believe that the engagement of a private mediator at some point during the pendency of the case or direct discussions may be useful. The parties have discussed the possibility of early ADR and will continue those discussions.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Neither party has demanded a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Two to three (2-3) days

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other motions pending.**

None.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:    Brian D. East, Attorney-in-Charge
State Bar No. 06360800
Southern District Bar No. 453108
Disability Rights Texas
2222 W. Braker Ln.
Austin, TX 78758
Telephone: 512-454-4816
Facsimile: 512-454-3999
Email: beast@drtx.org

Rachel Cohen-Miller
State Bar No. 24064301
Southern District Bar No. 2905488
Disability Rights Texas
1420 West Mockingbird Lane, Suite 450
Dallas, Texas 75247-4932
Telephone: (214) 845-4069
Facsimile: (214) 630-3472
Email: rmiller@drtx.org

| | |
|---|---|
| Counsel for Defendant: | Bruce J. Douglas, Attorney-in-Charge<br>(Admitted *Pro Hac Vice*)<br>TX Bar No. 06039770<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>Wells Fargo Center<br>90 South Seventh Street, Suite 3800<br>Minneapolis, MN 55402<br>Telephone: 612.336.6858<br>Facsimile: 612.339.0061<br>Email: bruce.douglas@ogletreedeakins.com |

Respectfully submitted,

*/s/Brian D. East*　　　　　　　　　　　　Date: November 16, 2016
Counsel for Plaintiff


*/s/Bruce J. Douglas*　　　　　　　　　　　Date: November 16, 2016
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian D. East, Attorney-in-Charge
State Bar No. 06360800
Southern District Bar No. 453108
Disability Rights Texas
2222 W. Braker Ln.
Austin, TX 78758
Telephone: 512-454-4816
Facsimile: 512-454-3999
Email: beast@drtx.org

Rachel Cohen-Miller
State Bar No. 24064301
Southern District Bar No. 2905488
Disability Rights Texas
1420 West Mockingbird Lane, Suite 450
Dallas, Texas 75247-4932
Telephone: (214) 845-4069
Facsimile: (214) 630-3472
Email: rmiller@drtx.org

*/s/Bruce J. Douglas*
Bruce J. Douglas

26062683.3