IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK SILGUERO, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | |
| CSL PLASMA INC., | § § § | |
| *Defendant.* | § § | |
| and | § § § | CIVIL ACTION NO. 2:16-CV-00361 |
| AMY WOLFE, Amy *Plaintiff,* | § § § § | MOTION TO INTERVENE |
| v. | § § § | |
| CSL PLASMA INC., *Defendant.* | § § § | |

**COMPLAINT IN INTERVENTION**

Amy Wolfe, Plaintiff in Intervention, by and through counsel, states and alleges as follows:

**PRELIMINARY STATEMENT**

1. Defendant CSL Plasma Inc. discriminated against Amy Wolfe by preventing her from selling or donating blood plasma solely because her various disabilities—including Posttraumatic Stress Disorder (PTSD), Generalized Anxiety Disorder (GAD), and Panic Disorder—require the use of a service animal. This discrimination was not based on Ms. Wolfe's failure to meet any legitimate requirement for donating blood plasma, nor on any risk factor that would provide a legitimate reason for rejecting her. Defendant's actions violate both federal and state law. Ms. Wolfe seeks injunctive relief under both Title III of the Americans with Disabilities Act and under state law, in order to prevent future violations of the law. Ms. Wolfe also seeks

damages under Texas state law.  Ms. Wolfe is also entitled to recover her attorney's fees, litigation expenses, and court costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear and decide Ms. Wolfe's ADA claims pursuant to 28 U.S.C. § 1331 (federal question) and § 2201 (civil rights). This Court also has supplemental jurisdiction to hear the state-law claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction).

3.      Venue for this action is proper in this Court under 28 U.S.C. § 1391(b)(1), (c)(2), and (d) because Defendant conducts business in this District and Division.

## PARTIES

4.      Ms. Wolfe was at all relevant times a resident of Harris County, Texas.

5.      Defendant CSL Plasma Inc. is a Delaware corporation conducting and transacting business in the State of Texas.  At all relevant times Defendant owned and operated for-profit human-plasma collection centers in Texas, including in this District and Division.  Defendant has already been served with process in the underlying case, and has appeared and answered herein.

## FACTS

6.      Ms. Wolfe is a person with various mental and physical impairments.  She has PTSD, GAD, Panic Disorder, Obsessive Compulsive Disorder (OCD), Generalized Personality Disorder, and Irritable Bowel Syndrome (IBS).  At all relevant times and continuing to the present, Ms. Wolfe's mental conditions require that she use a service animal.  In its active state and in the absence of mitigating measures (e.g., in the absence of her service animal), Ms. Wolfe's impairments substantially limit her in various major life activities, including brain function, bowel functioning, sleeping, eating, walking, going outdoors, self-care, and interacting with others.

7.     Based on the above facts, Ms. Wolfe is a person with an "actual" disability, a "record of" disability, and a "regarded as" disability as defined by the ADA Amendments Act of 2008, 42 U.S.C. § 12102(1).

8.     Ms. Wolfe is also a "person with a disability" as defined by Tex. Hum. Res. Code § 121.002(4), because she has a mental or physical disability, because she has PTSD, and because she uses a service animal.

9.     Defendant is one of the world's largest collectors of human plasma, and it operates plasma-donation centers where qualified donors are paid, and given other things of value, for "donating" plasma. Plasma is the fluid portion of human blood, and is used as source material for further manufacturing use and sale by Defendant. The Defendant owns, operates, and advertises at least 21 plasma-donation centers in Texas, including one at 11430 East Freeway in Houston, Texas (hereinafter "East Fwy location"). The Defendant is also part of the plasma protein therapeutics industry, and the company manufactures and markets a range of plasma-derived and recombinant therapies worldwide, used to treat a variety of medical disorders.

10.    Defendant is a private entity that is open to the public, and that provides services to its customers by giving money, gift cards, and other things of value in exchange for a plasma donation, which it uses and sells to others. Defendant also states that its collection centers benefit the local economies, employing on average more than 60 employees per location. Therefore, Defendant is a place of "public accommodation" and a covered entity within the meaning of Title III of the ADA. Defendant is also a "public facility" as defined by Texas Human Resources Code.

11.    As part of the process of donating and extracting plasma, Defendant administers a detailed donor screening consisting of, among other things, administering various tests and questionnaires, taking a medical history, and performing a physical examination, including

temperature, blood pressure, and weight.  Defendant also performs blood tests and checks for drug use, provides medical and health information to the public, and gives health advice.

12.	On or about October 9, 2016, Ms. Wolfe tried to donate source plasma at Defendant's East Fwy location.

13.	Defendant's staff refused to serve Ms. Wolfe, and told her it was because her disabilities required the use of a service animal.  Defendant's staff also told Ms. Wolfe that they only allow a person who uses a service animal to donate/sell plasma if the animal is used because a person is deaf or blind.

14.	Defendant's denial of service was not based on any valid reasons, medical or otherwise.  Ms. Wolfe was fully qualified to use the Defendant's services.  Defendant's decision to exclude her was based on mere stereotypes, not upon any objective evidence or individualized assessment.

15.	Ms. Wolfe wishes to donate plasma at Defendant's East Fwy (and/or other) locations now and in the future.  Despite telephonic requests, Defendant has never communicated any change in policy that would allow Ms. Wolfe to donate plasma at Defendant's center.  Its exclusion of Ms. Wolfe is present and ongoing, and Ms. Wolfe is fearful that unless enjoined and restrained, Defendant will persist in its exclusion to her harm.

**FIRST CAUSE OF ACTION—ADA TITLE III**

16.	Ms. Wolfe repeats and re-alleges the allegations in the above paragraphs, and incorporates them by reference.

17.	Ms. Wolfe brings this cause of action under Title III of the ADA, 42 U.S.C. §§ 12181, *et seq*.

18. Defendant engages in activities that affect commerce, and it purchases product and provides health and other services to its customers. Defendant is a public accommodation as defined by Title III of the ADA.

19. Among other things, Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the … goods, services, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). As described above, Defendant violated this provision when it denied Ms. Wolfe its services on the basis of her disability.

20. Defendant also discriminated against Ms. Wolfe in violation of Title III by:

a) Denying her the opportunity to participate in, or benefit from, its services, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(l)(A)(i) and 28 C.F.R. § 36.202(a);

b) Denying her the opportunity to participate in or benefit from its services, privileges, advantages, or accommodations in a way that is equal to other individuals, in violation of 42 U.S.C. § 12182(b)(l)(A)(ii) and 28 C.F.R. § 36.202(b);

c) Using standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, in violation of 42 U.S.C. § 121829b)(l)(D)(i) and 28 C.F.R. § 36.204;

d) Imposing or applying unnecessary eligibility criteria that screen out or tend to screen out a person with a disability from fully and equally enjoying any of its services, facilities, privileges, advantages, or accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(i) and 28 C.F.R. § 36.301(a);

e)  Failing to modify its modify policies, practices, or procedures to permit the use of a service animal, and making impermissible inquiries about her disabilities and her service dog, in violation of 28 C.F.R. § 36.302(1), (6), and (7).

21. Defendant's conduct described above was intentional and taken in disregard of the Ms. Wolfe's rights under the ADA.

**SECOND CAUSE OF ACTION—TEXAS HUMAN RESOURCES CODE CHAPTER 121**

22. Ms. Wolfe repeats and re-alleges the allegations in the above paragraphs, and incorporates them by reference.

23. Ms. Wolfe brings this cause of action under Chapter 121 of the Texas Human Resources Code.

24. Defendant is a "public facility" as defined by TEX. HUM. RES. CODE § 121.002(5) because it is a retail business, commercial establishment, or office building to which the general public is invited, and because it is a place of public accommodation to which the general public—or a classification of persons from the general public—is regularly, normally, or customarily invited.

25. Among other things, Chapter 121 states that "[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state." TEX. HUM. RES. CODE § 121.003(a). As described above, Defendant violated this provision when it denied Ms. Wolfe the use and enjoyment of its facility on the basis of her disability.

26. Defendant also discriminated against Ms. Wolfe as defined by Chapter 121 by:

a)  Denying her admittance to its public facility because of her disability, in violation of TEX. HUM. RES. CODE § 121.003(c);

b) Denying the use of her service animal, in violation of TEX. HUM. RES. CODE § 121.003(b);

c) Refusing to allow her to use its public facility, in violation of TEX. HUM. RES. CODE § 121.003(d);

d) Adopting a ruse or subterfuge calculated to prevent or discourage her from using or being admitted to a public facility, in violation of TEX. HUM. RES. CODE § 121.003(d);

e) Failing to make reasonable accommodations to its policies, practices, and procedures, in violation of TEX. HUM. RES. CODE § 121.003(d)(2);

f) Prohibiting the use of its public facility by a person with a disability who, except for her disability and use of her service animal, would fall within the class of people permitted to use the public facility, in violation of TEX. HUM. RES. CODE § 121.003(e).

27. Chapter 121 provides for the recovery of actual and punitive damages. There is no cap on such damages, but there is a conclusive presumption that such damages are no less than three hundred dollars ($300) for each violation of the law. TEX. HUM. RES. CODE § 121.004(b).

28. Defendant's conduct described above was intentional and taken in disregard of Ms. Wolfe's rights under state law, and Defendant acted with fraud, malice, or gross negligence.

**INJUNCTIVE RELIEF**

29. This action seeks injunctive relief pursuant to federal and state law.

30. Ms. Wolfe intends to return to Defendant's place of business to donate plasma, and she is entitled to a permanent injunction requiring Defendant to correct each of its violations of law described above. The above-described law requires Defendant to stop its discriminatory

exclusion of Ms. Wolfe from its programs and facilities; to remove her from any exclusion, deferral or disqualification lists; and to allow Ms. Wolfe to participate in its programs on a basis equal to other persons.

## PRAYER

Movant Amy Wolfe requests that the Court:

A. Exercise jurisdiction over this action;

B. Enter a permanent injunction under federal and state law prohibiting Defendant from continuing to discriminatorily exclude Ms. Wolfe from its programs and facilities; allowing Ms. Wolfe to participate in its programs on a basis equal to other persons;

C. Award Ms. Wolfe compensatory and punitive damages under state law;

D. Award Ms. Wolfe her litigation expenses under federal law;

E. Award Ms. Wolfe all costs and attorney's fees expended herein; and

F. Grant Ms. Wolfe such other and further relief as may be deemed just, equitable and appropriate by the Court.

Respectfully submitted,

_____
BRIAN EAST
State Bar No. 06360800
Southern District Bar No. 453108
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 407-2718 (direct line)
(512) 454-3999 (fax)
Email: beast@drtx.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2017, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, thus providing notice of electronic filing to the following:

Bruce J. Douglas
Stephanie Willing
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, Minnesota 55402

                                                                       BRIAN EAST