IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK SILGUERO, §<br>    *Plaintiff,* §<br>§<br>and §<br>§<br>AMY WOLFE, §<br>    *Intervening Plaintiff,* §<br>§<br>v. §<br>§<br>CSL PLASMA INC., §<br>    *Defendant.* § | CIVIL ACTION NO. 2:16-CV-00361 |

**PLAINTIFFS' BRIEFING ON THE COURT'S JURISDICTION
TO HEAR PLAINTIFFS' STATE-LAW CLAIMS**

On March 6, 2020, the Court ordered "the parties to file briefing regarding the Court's jurisdiction over this case by March 31, 2020." Although this Court has the discretion to exercise jurisdiction, because only state-law claims remain, this Court should dismiss without prejudice, to allow refiling in Texas state court.

**PROCEDURAL POSTURE**

On November 2, 2017 this Court granted summary judgment in favor of the Defendant, holding that neither the ADA nor Chapter 121 of the Texas Human Resources Code applied to blood-plasma centers like the one at issue in this case.

The Plaintiffs appealed, and on August 9, 2019, based on the answers to Certified Questions from the Supreme Court of Texas, the Fifth Circuit affirmed in part and reversed in part, holding that although the ADA does not apply to Defendant, Chapter 121 does. On December 4, 2019 the Fifth Circuit issued its mandate for further proceedings. As part of its judgment, the Fifth Circuit instructed this Court to "reconsider whether it should exercise supplemental jurisdiction over Silguero's and Wolfe's state law claims in light of the revelation that the federal and state

laws are different in this context and the affirmance of the judgment in CSL's favor on the federal claims, leaving no current federal law claims."

Plaintiffs filed a Petition for Writ of Certiorari on November 7, 2019, asking the Supreme Court to hold that the ADA does apply to the Defendant's plasma centers. The Petition was denied on February 24, 2020.

## BECAUSE THE CASE PROCEEDS ON STATE-LAW CLAIMS ONLY, IT SHOULD DO SO IN STATE COURT

**A.     Jurisdiction**

There is no doubt that when this case was filed, this Court had supplemental jurisdiction over the pendent state-law claims arising from the same facts as those supporting the federal-question claims. And when a court dismisses the federal claims on other than jurisdictional grounds, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Generally, "whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction. With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citations and paragraph break omitted).

**B.     General Rule is to Dismiss Pendent State Claims When Federal Claims are Dismissed**

In this Circuit the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). As a result, this Court can safely decline to hear the state-law claims.

The doctrine of pendent jurisdiction is a "doctrine of flexibility." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011), *citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). A "district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enoch*, 641 F.3d at 161. "But such discretion is founded upon and guided by a court's consideration of the prescribed statutory and common law factors." *Id*.

## C.     Discretionary Factors Favor State Court

When a case presents both federal and state claims, and the federal claims are dismissed, this Court must consider both the statutory factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy, convenience, fairness, and comity. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158–59 (5th Cir. 2011).

### 1.     *Statutory Factors*

The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The State claims are novel ones. *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 332 (5th Cir. 2018)[1] (observing that the coverage question "is difficult[]" because Texas courts have only interpreted "public facility . . . once and in a far different context from this case."); *id*., 907 F.3d at 333 (observing that certification was proper because "important state interests are at stake and the state courts have not provided clear guidance on how to proceed") (internal quotes omitted). They already have required authoritative construction by the Texas Supreme Court, and further

---

[1] Certified question accepted (Oct. 26, 2018), certified question answered, 579 S.W.3d 53 (Tex. 2019).

disputed questions of state law may yet arise that are better adjudicated authoritatively by state courts.

In the absence of federal claims, "the Texas state law claims predominate over the non-existent federal claims, and the district court dismissed all federal claims when it granted summary judgment on them. *Enoch*, 641 F.3d at 159. And as in *Enoch*, the "fourth factor also favors remand, as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction. Thus, the overall balance of the statutory factors weighs heavily in favor of remand." *Id*.

    2.    *Common Law Factors*

The common law factors include judicial economy, convenience, fairness, and comity. *Id*., *citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988).[2] Based on these factors, and as noted above, the Fifth Circuit has "elucidated the general rule that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Heggemeier v. Caldwell Cty., Texas*, 826 F.3d 861, 872 (5th Cir. 2016) (internal quotes omitted).

Each of those common-law factors likewise weighs in favor of remand.

Judicial economy favors remand if there "would be no need for either party to duplicate any research, discovery, [or] briefing," *Enoch*, 641 F.3d at 159, and that is true here. For example, sending this case "back to state court will not waste judicial resources because discovery is complete and the case is trial ready." *McCants v. Correct Care Sols., LLC*, No. 16-2787-DDC, 2018 WL 2445157, at *14 (D. Kan. May 31, 2018).[3] Many other courts have pointed out that the

---

[2] These factors apply even if the case has proceeded through discovery and on to summary judgment. *See, e.g.*, *Ziming Shen v. City of New York*, 725 F. App'x 7, 16 (2d Cir.), *cert. denied*, 139 S. Ct. 78 (2018).

[3] *McCants* was decided under the substantially similar Tenth Circuit analysis, which recognizes that: courts may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all federal claims; the Tenth

fact that discovery has been completed is no reason not to proceed in state court, because the parties may use the federal-court discovery in state court with little prejudice. *See, e.g., Annulli v. Panikkar*, 200 F.3d 189, 203 (3d Cir. 1999) ("Although Annulli has spent a great deal of time engaged in discovery, as the Defendants point out, Annulli can use this evidence to pursue his state law claims currently pending in state court. Therefore, the judicial economy and convenience factors do not suggest that the Court's decision was an abuse of discretion."); *Carl v. Parmely*, 188 F. Supp. 2d 991, 1012 (S.D. Ill. 2001). Under Texas law, oral depositions can be used in the "same proceeding," defined to include a proceeding in a different court but involving the same subject matter and the same parties. Tex. R. Civ. P. 203.6(b).[4] The answers to paper discovery can also be used because under Texas law, such statements are not hearsay. Tex. R. Evid. 801(e)(2).[5]

The state courts in Corpus Christ are equally convenient as the federal court, and proceeding in state court would not cause any meaningful financial inconvenience to the parties, "because they would not have had to duplicate any of their previous efforts or expenses." *Enoch*, 641 F.3d at 160. Texas state courts "provide the same level of convenience and fairness as the federal courts." *McCants*, *supra*, 2018 WL 2445157, at *14 (referring to Kansas courts).

"Third, it [is] certainly fair to have [] the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court." *Enoch*, 641 F.3d at 160. "And fourth, comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited

---

Circuit has expressed a preference for district courts decline jurisdiction over state law claims once it dismisses all federal claims; and district courts should consider the four *Carnegie-Mellon* factors. 2018 WL 2445157, at *14.

[4] In addition, statements made in a civil deposition are not hearsay when used in the "same proceeding," Tex. R. Evid. 801(e)(3), and a witness may be cross-examined about a prior inconsistent statement if that statement was given under penalty of perjury in a deposition. Tex. R. Evid. 801(e)(1)(A)(i).

[5] Under Tex. R. Evid. 801(e)(2), a statement is not hearsay if it is offered against an opposing party and it was made in an individual or representative capacity; is one that the party adopted or believed to be true; or it was made by a person whom the party authorized to make a statement on the subject; or it was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Id*. State courts "have a strong interest in deciding matters involving purely state law claims." *McCants*, 2018 WL 2445157, at *14.

### 3. *Savings Statutes*

Finally, there is no limitations issue in re-filing this case in state court. The federal savings statute tolls any limitations period "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). The Texas savings statute tolls it for 60 days, Tex. Civ. Prac. & Rem. Code § 16.064(a), and it applies to situations in which a federal court refuses to exercise jurisdiction over pendent state claims. *Mena v. Lenz*, 349 S.W.3d 650, 653–54 (Tex. App.—Corpus Christi-Edinburg 2011, no pet.); *Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no writ). Federal courts have recognized as much. *Wilson v. First Gibraltar Bank, F S B, Arlington, Texas*, 22 F.3d 1095 (Table), 1994 WL 199108, at *6 (5th Cir. 1994) (unpublished) (citing *Vale*, *supra*); *Lopez v. Lone Star Beef Processors, L.P.*, No. CIV.A.6:04-CV-020-C, 2004 WL 2348245, at *5 (N.D. Tex. Oct. 8, 2004), *aff'd*, 145 F. App'x 473 (5th Cir. 2005). In fact, federal courts—including within this District—have specifically relied on the Texas savings statute to reinforce their decisions to dismiss state-law claims when all federal claims are resolved. *See, e.g., Reynolds v. TDFPS*, No. A-05-CA-638 LY, 2007 WL 3283163, at *5–6 (W.D. Tex. Nov. 5, 2007), *report and recommendation approved sub nom. Reynolds v. Suriano*, 2008 WL 11402023 (W.D. Tex. June 10, 2008) (ordering that the state-law claims be "Dismissed Without Prejudice to Refiling in State Court") (all-caps omitted); *Almaguer v. Chacon*, No. DR-04-CV-023-AML/VRG, 2006 WL 8433819, at *10 (W.D. Tex. Sept. 5, 2006), *report and recommendation adopted*, 2006 WL 8433822 (W.D. Tex. Sept. 15, 2006) ("Even though the applicable limitations period has run, no adverse impact to the litigants would result if the state

6

claims are dismissed because Plaintiff is able to successfully re-file her state law tort claims in state court.").

## CONCLUSION

In light of the above, Plaintiffs request that the Court dismiss the remaining state-law claims without prejudice, to allow their refiling in Texas state court.

Respectfully submitted,

  /s/ Brian East
BRIAN EAST
State Bar No. 06360800
Southern District Bar No. 453108
LIA S. DAVIS
State Bar No. 06360800
DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758-1024
(512) 407-2718 (direct line)
(512) 454-3999 (fax)
beast@drtx.org
ldavis@drtx.org

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, thus providing notice of electronic filing to the following:

Bruce J. Douglas
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Wells Fargo Center, 90 South Seventh Street, Suite 3800
Minneapolis, Minnesota 55402

  /s/ Brian East
BRIAN EAST